10-3064-ag
Chun v. Holder

BIA
A072 483 923

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand eleven.

PRESENT:

JON O. NEWMAN,
RICHARD C. WESLEY,
PETER W. HALL,
*Circuit Judges.*

_____

LIU CHUN,

*Petitioner,*

v.                                                    10-3064-ag
                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Peter S. Gordon, Forest Hills, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Liu Chun, a native and citizen of the People's Republic of China, seeks review of the July 14, 2010, decision of the BIA denying his motion to reopen. *In re Liu Chun*, No. A072 483 923 (B.I.A. July 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Chun's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam) (We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion, which may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner."). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8

U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Chun's 2009 motion was untimely and number-barred, as the final administrative decision was issued in 1995, and it was his second motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Chun contends that his Falun Gong activities in the United States constitute changed circumstances. As the BIA noted, Chun's Falun Gong activities, which he commenced in the United States in 2008, reflect a self-induced change in personal circumstances, and therefore do not exempt his motion from the applicable bars. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006); *Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008).

Chun also argued before the BIA that conditions for Falun Gong practitioners in China had deteriorated. Chun now asserts that the BIA abused its discretion by "overlooking the

material evidence which details China's worsened conditions in 2008." However, the BIA referenced this evidence in its decision, and its acknowledgment was sufficient. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (noting that the BIA does not need to expressly parse or refute every piece of evidence submitted by the petitioner); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) ("we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). Moreover, the BIA's determination that the evidence failed to demonstrate changed country conditions is supported by substantial evidence. *See Jian Hui Shao*, 546 F.3d at 169 (when the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard). While the background materials submitted by Chun show a general deterioration of human rights around the 2008 Beijing Olympics, and a continued repression of Falun Gong practitioners, there is nothing to show a worsening of conditions for Falun Gong practitioners in China in a way that is material to Chun's claim, particularly as the evidence is not focused on Chun's home province of Fujian, on the

-4-

persecution of individuals who practiced Falun Gong in the United States, or on the level of persecution subsequent to the Olympics.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-5-